IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BENNY MATTHEW GOVER                                          PLAINTIFF

          v.            Civil No. 08-5207

UNITED STATES OF AMERICA,
GEORGE W. BUSH                                              DEFENDANTS

                          O R D E R

     Now on this 19th day of March, 2009, come on for
consideration the following:

     *   **Motion To Dismiss Of The Defendant, George W. Bush**
(document #7);

     *   the United States of America's **Motion For More Definite
Statement Pursuant To Rule 12(e)** (document #9);

     *   defendants' **Motion To Dismiss** (document #16); and

     *   plaintiff's **Motion For Judgment** (document #20),
and from said motions and the responses thereto, the Court finds
and orders as follows:

     1.   On September 19, 2008, plaintiff, acting *pro se*, filed
his COMPLAINT FOR THE IMMEDIATE ESTABLISHMENT OF JUSTICE, and
EXEMPTION AND REMOVAL OF MARIJUANA FROM THE CONTROLLED SUBSTANCES
ACT, and PROMPT REMOVAL OF UNJUST LAWS NOT BASED IN FACT (WITH
ASSOCIATED HIGH PRIORITY POST-VIOLATION RECTIFICATIONS), and THE
CORRECTION OF UNJUST POLICIES AND DIRECTIVES DENYING CITIZENS DUE
RIGHTS AND BENEFITS, INCLUDING THE RESTORATION OF SOCIAL SECURITY
FUNDS (the "Complaint")(emphasis in original).

That same day, plaintiff obtained summonses for the defendants, and on October 15, 2009, he filed a proof of service. This document consisted of two postal Domestic Return Receipts. One showed receipt of certified mail by the U.S. Attorney in Fort Smith, Arkansas, on September 23, 2008. The other showed receipt of certified mail by the U.S. Attorney General in Washington, D.C., on September 23, 2008.

2.   On January 23, 2009, separate defendant George W. Bush ("Bush") filed his first motion to dismiss. He alleges that he was not personally served with a copy of the Summons and Complaint, and thus the Complaint as against him should be dismissed to the extent that he is sued in his individual capacity. He further alleges that he does not have sufficient minimum contacts to justify personal jurisdiction in this District.

Service of process on the United States, its agencies, corporations, officers and employees, is governed by **F.R.C.P. 4(i)**. To serve the United States, a plaintiff must serve both the United States Attorney General and the Assistant United States Attorney for the district where the action is brought. To serve an officer of the United States who is sued in his individual capacity, that officer must also be served personally. Here, there is no showing of personal service upon Bush individually, and plaintiff has not, therefore, perfected service upon him.

-2-

Plaintiff's responses to the two motions to dismiss indicate no desire or intention to make any further attempt to perfect service upon Bush.  Indeed, in response to the second such motion he says "[f]eel free to dismiss Bush."  (Document #19, page 1.) The Court will, therefore, grant this motion and dismiss plaintiff's claims against Bush.

3.   The United States moves for a more definite statement of the Complaint, pursuant to **F.R.C.P. 12(e)**, which provides that a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Although the usual **Rule 12(e)** motion involves a complaint that is too abbreviated for the defendant to discern what is alleged, in this case the Complaint is so long, and so filled with extraneous matter, that it is difficult to discern what is alleged, and there is merit in the motion.  The rules of pleading are simple.  Under **F.R.C.P. 8(a)**, a complaint need contain only the following:

*   "a short and plain statement of the grounds for the court's jurisdiction";

*   "a short and plain statement of the claim showing that the pleader is entitled to relied"; and

*   "a demand for the relief sought."
Moreover, each allegation "must be simple, concise, and direct."

-3-

**F.R.C.P. 8(d)**.   A party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." **F.R.C.P. 10(b)**.

In response to defendant's Motion For More Definite Statement, plaintiff filed a document entitled More Definitive Statement Pursuant To Rule 12(E), Per Motion By Defense ("More Definitive Statement").   While ordinarily an Amended Complaint would be required where a more definite statement is called for, the Court, in consideration of plaintiff's *pro se* status, has treated this document as a supplement to the Complaint, and has examined this document in conjunction with the Complaint to determine the appropriate resolution of defendants' second Motion To Dismiss.

4.   The second Motion To Dismiss urges dismissal on the basis of lack of standing; failure to exhaust administrative remedies; and failure to "provide any coherent claims or any basis for the Court's subject matter jurisdiction over this matter."

In response, plaintiff admits that he has not "been arrested at home for anything spoken of in the complaint, but feels that he has been denied rights, as guaranteed in the Constitution."   He does not deny his failure to exhaust administrative remedies, but seeks to excuse it by saying he could get no justice from government agencies.   He asserts, broadly, that the defendants "attempt to misdirect the bearing of the complaint to minor

-4-

specifics and inapplicable methodologies of the legal system concerning the issue, when the very issue is *justice*, and as the proper application of the *established justice* is the basis of our entire legal system." (Emphasis in original.)

The Court will first address the standing issue, which, as it turns out, is dispositive of most of the issues here presented.

5. Standing is an essential element of subject matter jurisdiction, the *sine qua non* of the power of the Court to adjudicate. As explained in **Davis v. Federal Election Commission**, **128 S.Ct. 2759 (2008)**:

> Article III restricts federal courts to the resolution of cases and controversies. That restriction requires that the party invoking federal jurisdiction have standing -- the personal interest that must exist at the commencement of the litigation. . . . To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling. . . . [S]tanding is not dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.

**128 S.Ct. at 2768-69** (internal citations and quotation marks omitted).

Another important aspect of the standing requirement is explained in **Hein v. Freedom From Religion Foundation, Inc.**, **551 U.S. 587 (2007)**:

> [t]he judicial power of the United States defined by Art. III is not an unconditioned authority to determine the constitutionality of legislative or executive acts.

-5-

> The federal courts are not empowered to seek out and
> strike down any governmental act that they deem
> repugnant to the Constitution.  Rather, federal courts
> sit solely, to decide on the rights of individuals, and
> must refrai[n] from passing upon the constitutionality
> of an act . . . unless obliged to do so in the proper
> performance of our judicial function, when the question
> is raised by a party whose interests entitle him to
> raise it.

**551 U.S. at ---** (internal citations and quotation marks omitted).

In **Lujan v. Defenders of Wildlife**, **504 U.S. 555 (1992),** the

Supreme Court explained

> [w]e have consistently held that a plaintiff raising
> only a generally available grievance about government --
> claiming only harm to his and every citizen's interest
> in proper application of the Constitution and laws, and
> seeking relief that no more directly and tangibly
> benefits him than it does the public at large -- does
> not state an Article III case or controversy.

**504 U.S. at 573-74.**  "Vindicating the *public* interest (including

the public interest in Government observance of the Constitution

and laws) is the function of Congress and the Chief Executive."

**Lujan**, *supra*, **504 U.S. at 576**  (emphasis in original).

6.  With the foregoing precepts in mind, the Court has

examined the Complaint and the More Definitive Statement, to

determine what claims they state.

(a)  The allegations of the Complaint:

*  The first paragraph 3 of the Complaint (there are two

sets of paragraphs numbered 1, 2, and 3) states that plaintiff has

filed "these actions" to seek relief from various acts "committed

and currently being committed against Citizens of the United

States of America."

     *   The second Paragraph 1 states that the action "seeks to have marijuana removed from the controlled substances act."

     *   The second Paragraph 2 states that the action is plaintiff's response to the U.S. Government "having declared a war on drugs, against its' own citizenship" and "not adequately addressing the needs of the people (by not *exactly* ordaining and establishing the mandated justice through a lack of *clear definition*), as sought in the Preamble of the Constitution -- as originally ratified."   (Emphasis in original.)

     *   The second Paragraph 3 states that the action "seeks to wage war against . . . any law which is based on injustice in any possible form."

     *   In Paragraphs 10-12, plaintiff states his belief that God gave marijuana to mankind; that he has "inadvertently and repeatedly" had enhanced religious experiences from its use; and that under the Constitution his usage cannot be prohibited.

     *   In Paragraph 27, plaintiff states that "hundreds of thousands of prosecutions happen each year in this country, concerning these laws."   From the context it appears that he refers to laws regarding marijuana.

     *   In Paragraph 30, plaintiff states that he is "seeking complete and full acknowledgment of the known medical benefits and uses of marijuana."

-7-

* In Paragraph 37, he states that "[i]n pursuit of health and happiness, I find myself subject to prosecution, search and seizure, for the only medication available that works for me, or for the 'paraphanalia' associated."

* In Paragraph 46, he states that "[i]njustices are unduly brought upon the ill citizens of this country, by making marijuana . . . only currently available at such a prohibitively high cost."

* In Paragraph 80, by way of a prayer for relief, plaintiff suggests that "every existing law be made subject to evaluation. . . ."

* In Paragraphs 81-82, he suggests the creation of "temporary courts of inquiry" to "root out injustices in the existing system" and serve as a kind of parallel court system.

* In Paragraph 90 he states that he seeks "to elevate and uphold the HONOR and DIGNITY of the Constitution of the United States of America."  (Emphasis in original.)

* In Paragraph 93, he states that "[t]he great need for the exact clarification of what satisfies justice, with mandates on how to accomplish it, and the issuance of a required timeframe for completion of mandated actions is hereby officially requested of the Court(s)."

(b)  The allegations of the More Definitive Statement:

* In paragraph 2)a), plaintiff asks the Court to "identify, describe, and distinguish the definition of justice, as

-8-

intended in the Preamble of the Constitution of the United States of America, as requested in the complaint."

* In paragraph 2)b), plaintiff "seeks to claim his true rights under the constitution," and claims that "any subsequent addition to the constitutional law that does not comply with the original intent of justice, necessarily makes the addition *un*constitutional." (Emphasis in original.)

* In paragraph 2)c), he claims that "the 1937 Marijuana Tax Act was fraudulently passed into legal service by lies and blatant misrepresentations."

* In paragraph 2)d), he "claims a high likelihood exists" that other laws were similarly passed, and that all laws with such infirmities must be "removed or corrected."

* In paragraph 2)e), he claims that he "sees this as a matter of interpretation and further definition of constitutional law," as to which the Court "should be able to order corrections without interference."

* In paragraph 2)f), he "claims a definition of justice must be made by this court."

* In paragraph 2)g), he contends that the marijuana restrictions of the Controlled Substances Act impinge the law, restrict constitutional freedoms, allow "many unconstitutional searches and seizures," and cause "an abundance of unconstitutional arrests and incarcerations."

* In paragraph 3, plaintiff contends he has been denied his freedom of religion.

* In paragraph 4, plaintiff purports to retain to himself and to "we the people" the right to "pursue any and all available reliefs as fully allowed by law, and as alluded to and stipulated in the complaint."

* In paragraph 5 he states that "the questions raised here concern constitutional law in general, not just a specific point about an individual law," and that "through the plaintiff, all citizens seek injunctive and declaratory relief from all aspects of any and all changed laws. . . ."

* Thereafter plaintiff sets out a series of paragraphs purporting to make more specific certain things complained of in the Motion For More Definite Statement, which the Court need not repeat here, as none of them recites claims specific to the plaintiff himself, only repeating his allegations of harm to people in general.

* The relief sought in the More Definitive Statement is set out by way of examples, rather than specifics, and includes such categories as "correction to the influence of big money and lobbyists" and "eliminating the possibility that manipulation can be used to gain political and financial advantage."

* Plaintiff concludes the More Definitive Statement by saying "[i]t is now time to define justice, incorporate

righteousness, and use it as a staff of measurement for each individual part of our existing system of government."

7.   The foregoing does not include all the allegations of the Complaint or the More Definitive Statement.  Far from it -- those documents contain extensive ruminations on politics, religion, the environment, medicine, the VA and Social Security systems, and many other topics.  But the Court has tried to extract all the allegations that appear to state the claims plaintiff is seeking to advance in this lawsuit, so as to discover whether any of them are unique and personal to himself, or relate to any injury, actual or imminent, to him.

With one exception, the Court finds no allegation of injury particular to plaintiff.  Instead, the allegations state only "generally available grievance[s] about government" as to which plaintiff is not in danger of any "injury that is concrete, particularized, and actual or imminent."

The one exception is the freedom of religion claim, treated in the following paragraph. All of plaintiff's other claims are clearly subject to dismissal for lack of standing.

8.   Plaintiff asserts a freedom of religion claim, the essence of which is that his use of marijuana has "inadvertently" enhanced his relationship with God. The Court will address this claim with reference to **F.R.C.P. 12(b)(6),** which allows a motion to dismiss a complaint for failure to state a claim upon which

-11-

relief can be granted.  A complaint should not be dismissed pursuant to **Rule 12(b)(6)** unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>**Krentz v. Robertson Fire Protection District**</u>**, 228 F.3d 897, 905 (8th Cir. 2000).**

**42 U.S.C. §2000bb-1** provides that the federal government may not substantially burden a person's exercise of religion, even by a rule of general applicability, unless to do so furthers a compelling governmental interest and is the least restrictive means of doing so.  To establish a *prima facie* case under **§2000bb-1,** plaintiff must present evidence that the activity restricted by government action is an "exercise of religion" and that such exercise is "substantially burdened."  Plaintiff's pleadings do not bring his claim within either of these aspects of the law.

First, as to whether plaintiff can prove that his use of marijuana is an "exercise of religion," the Court notes that neither the Complaint nor the More Definitive Statement allege that plaintiff uses marijuana sacramentally.  The entire thrust of these documents is to the effect that plaintiff believes the inclusion of marijuana in the Controlled Substances Act is unfair and illogical, and that it creates a problem for him medically -- not spiritually -- because marijuana is the most efficacious substance for controlling his medical condition.

Second, plaintiff's pleadings do not allege or lead to any

-12-

inference that there is any "substantial burden" imposed by the CSA's proscription on his use of marijuana. As noted in **Navajo Nation v. U.S. Forest Service**, **535 F.3d 1058, 1070 (9th Cir. 2008),**

> a "substantial burden" is imposed only when individuals are forced to choose between following the tenets of their religion and receiving a governmental benefit (*Sherbert)* or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions (*Yoder)*.

Plaintiff does not plead that it is contrary to his religious beliefs to abstain from using marijuana.  To the contrary, his allegation is that he experiences the spiritual effects of marijuana only "inadvertently."  The inability to experience a spiritual side effect of medicinal usage does not amount to being coerced to act contrary to religious beliefs.  "[U]nder Supreme Court precedent, the diminishment of spiritual fulfillment -- serious though it may be -- is not a 'substantial burden' on the free exercise of religion." **Navajo Nation**, **535 F.3d at 1070.**

For these reasons, the Court finds that plaintiff has failed to state a claim that the CSA violates his First Amendment rights, and his freedom of religion claim will, therefore, be dismissed.

9.  Because the Court has determined that the case must be dismissed. it need not analyze plaintiff's Motion For Judgment, which will be denied as moot.

IT IS THEREFORE ORDERED that the **Motion To Dismiss Of The**

-13-

**Defendant, George W. Bush** (document #7) is **granted.**

   IT IS **FUTHER ORDERED** that the United States of America's **Motion For More Definite Statement Pursuant To Rule 12(e)** (document #9) is **granted.**

   IT IS **FURTHER ORDERED** that defendants' **Motion To Dismiss** (document #16) is **granted.**

   IT IS **FURTHER ORDERED** that plaintiff's **Motion For Judgment** (document #20) is **denied.**

   IT IS **FURTHER ORDERED** that this matter is hereby **dismissed with prejudice.**

   IT IS SO ORDERED.

                                    /s/ Jimm Larry Hendren
                               JIMM LARRY HENDREN
                               UNITED STATES DISTRICT JUDGE